UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Crockett<br>Plaintiff,<br><br>v.<br><br>Steven Mnuchin, in his official capacity<br>as Secretary of Treasury of the United States<br>of America,<br><br>      Serve: Steven T, Mnuchin<br>      Secretary of Treasury<br>      U.S. Department of Treasury<br>      1500 Pennsylvania Ave., N.W,<br>      Washington, DC 20220<br><br>      Channing D. Phillips<br>      Office of the United States Attorney<br>      Attention: Civil Process Clerk<br>      555 4th Street, NW<br>      Washington, DC 20530<br><br>      Jefferson B. Sessions, III<br>      United States Attorney General<br>      c/o Department of Justice<br>      950 Pennsylvania Avenue, N.W.<br>      Room B-103<br>      Washington, D.C. 20530-0001<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 18-230<br><br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>A JURY IS DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

     Robert Crockett has spent more than a quarter century serving the IRS and would be able to continue working as a Special Agent if he were been judged on the quality of his work and his actual job skills.  But the IRS has judged him only on his hearing disability, ignoring that he passed its hearing standards, which allowed for testing with hearing aids.  Last year, the IRS gave him a stark choice: take a costly demotion or leave the agency through a disability

retirement. Having no good alternatives, he chose a disability retirement. Now, the IRS has eliminated a hearing requirement for its Special Agents, making an annual audiogram optional. When he asked about this, Crockett learned he will still be removed from the job. This is the government at its worst. Hence, this suit.

## JURISDICTION AND VENUE

1. This case is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act"). This Court has jurisdiction of this case according to 28 U.S.C. §§ 1331 and 1343.

2. Venue is invoked pursuant to 42 U.S.C. 2000e, which governs venue in cases under the Rehabilitation Act. The unlawful employment practices challenged in this lawsuit were committed in Washington, D.C.

## PARTIES

3. The plaintiff, Robert Crockett, is an adult resident of Belleair Beach, Pinellas County, Florida.

4. The defendant, Steven Mnuchin, is the Secretary of the Treasury of the United States of America and is sued in his capacity as head of a department in the executive branch of the Federal Government within the meaning of 29 U.S.C. §§ 791 and 794. A copy of this complaint is served on both the Attorney General and the U.S. Attorney for the District of Columbia.

## STATEMENT OF FACTS

5. Mr. Crockett has worked for the IRS for more than 25 years and have served as a Special Agent for more than 17 years. The IRS is the only employer he has had since graduating from college.

6.	Throughout his career, the IRS has rated him highly. In December 2016, for example, the IRS rated his performance in his current job as "outstanding," which is the highest possible rating. In December 2017, they rated him as exceeding the expectations of the job.

7.	Since January 2015, Mr. Crockett's specific job has been Public Information Officer for the IRS in Tampa, Florida, a job he has performed with distinction. As Public information Officer, Mr. Crockett handles USAO Public Affairs contacts, media contacts, civil-side contacts, special projects, outreach planning and events, speaking engagements, SAC presentation materials, and assists in Congressional outreach. He has worked hard to ensure that the Tampa Field Office enjoys one of the highest publicity rates in the nation. And he has succeeded. As Public Information Officer, due to the nature of the job, he was often on the periphery of law enforcement activities even prior to being placed on restricted duty.

8.	In July 2015, the IRS placed Mr. Crockett on restricted duty because his annual audiogram showed that he met the IRS hearing standards at 500 and 1000 Hertz, but barely missed the standard at 2000 Hertz, all without a hearing aid. But, even according to the IRS's own doctors, Mr. Crockett has good unaided hearing and can hear whispered speech at the distance of 15 feet.

9.	Mr. Crockett's hearing disability arose because of the IRS as the Department of Labor recognized in its findings of October 2017. The agency did not ensure adequate hearing protection for many years of his employment. The IRS routinely exposed him to very loud noises without appropriate protection. That noise exposure had the anticipated effect on his hearing. As his audiologist explained, both the degree and configuration of his hearing loss are consistent with his history of noise exposure.

10.	Mr. Crockett's hearing loss has never impacted his ability to do the job, as his

evaluations show.  But nevertheless the IRS placed him under restrictions and denied him the right to do the job with a state-of-the-art hearing aid.  What is inexplicable is that the IRS actually has a protocol for testing hearing with a hearing aid.  The IRS tested Mr. Crockett with that protocol and he passed, showing excellent functional hearing, but the IRS will not accept the results from their own test to allow him to work.

        11.      On April 19, 2017, the IRS told Mr. Crockett that he was unfit to perform the duties of his job and thus was terminating him from his Special Agent 1811 Public Information Officer job. The IRS also denied him the right to transfer to another IRS job at an equivalent level of compensation and tenure.

        12.      Instead of accommodating Mr. Crockett's disability, the IRS offered him two choices: accept a serious demotion or leave the agency altogether through a disability retirement. Notably, the IRS recognized his competence on the job because it told hm he could continue to do the exact same job he has been doing – but removing his law enforcement twenty-five percent annual pay premium.  The IRS will allow him to do the job of public information officer so long as he will agree to sacrifice tens of thousands of dollars in salary each year and substantial pension benefits he has worked hard to earn.  Faced with no good alternatives, Mr. Crockett has applied for disability retirement.

        13.      The IRS is operating as if medical advances in hearing aids stopped in the 1950s. They have not and now state-of-the-art hearing aids allow people in many diverse jobs to function effectively.  Police officers in most major metropolitan areas are allowed to use hearing aids.  But at the IRS, a Special Agent is steadfastly prohibited from improving his hearing.

        14.      The IRS's treatment of Mr. Crockett is disturbing for several reasons.  First, hearing aids allow Mr. Crockett to hear considerably better than previous IRS policy required.

So rather than having a hearing deficit, his hearing exceeded their requirements. Second, the IRS has developed an aided hearing policy under which Special Agents can demonstrate their hearing abilities with hearing aids in place, but inexplicably ignored that Mr. Crockett met the IRS's own standards. Third, the IRS is not consistent in the application of its medical review policies. For example, its policies require a certain amount of unaided vision, but this is never tested. Likewise, its policies require a certain level of physical fitness, but the IRS ignores this as well, allowing numerous grossly obese agents to continue working, but forcing Mr. Crockett out. Last but certainly not least, the IRS has now eliminated its hearing requirement for Special Agents yet has specifically told him he will still be fired.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On June 28, 2017, Mr. Crockett presented a timely formal EEO complaint to challenge the disability discrimination and failure to accommodate he has experienced.

16. Neither Mr. Crockett nor his counsel has ever received a final decision on his complaint, and more than 180 days have passed since the complaints were filed.

## COUNT I

(Rehabilitation Act)

Disability Discrimination

17. The plaintiff is a qualified individual that the IRS removed from his job because of a hearing disability caused by his employer. He is qualified to perform the essential functions of the special agent job he held. He was also regarded as having a disability, and was removed from the job because of a record of a disability. Defendant failed to accommodate his disability, even though it would have been quite easy to do so. Proof of this is that the IRS no longer has

any hearing requirement for Special Agents. It has eliminated the requirement that Special Agent pass an audiogram on an annual basis.

The actions of the defendant as set forth above constitute a violation of the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq*.

## RELIEF REQUESTED

Robert Crockett, the plaintiff, respectfully requests that the Court:

A. Order the IRS to make the plaintiff whole including, but not limited to, reinstating him to the position of Special Agent, paying him appropriate back pay and benefits with prejudgment interest in amounts to be proven, compensatory damages, front pay if he is not reinstated, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

B. Order the IRS to pay the plaintiff his costs, expert witness fees and reasonable attorney's fees incurred in pursuing the matter herein;

C. Order the IRS to cease discriminating against employees who explicitly meet its own hearing standard; and

D. Award plaintiff such other relief, legal or equitable, as may be warranted.

Plaintiff demands a trial by jury on all of his claims.

Respectfully submitted,

Robert Crockett

By his attorneys,

David Cashdan
D.C. Bar No. 051342
Cashdan & Kane, PLLC
1150 Connecticut Ave. NW, Ste 900
Washington, D.C. 20036-4129

(202) 862-4330
Fax: (202) 862-4331
dcashdan@cashdankane.com

Rod Tanner
Tanner and Associates, P.C.
Texas Bar No. 19637500
6300 Ridgelea Place, Suite 407
Fort Worth, Texas 76116
817-377-8833
Fax 817-377-1136
rtanner@rodtannerlaw.com

Katherine L. Butler
DC Bar No. TX 0101
Texas Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (888) 370-5038
kathy@butlerharris.com

John Griffin, Jr.
DC Bar No. TX 0103
Texas Bar No. 08460300
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500
Fax (361) 573-5040
jwg@lawmgk.com

Counsel for Plaintiff